**GRANT; AFFIRMED as MODIFIED and Opinion Filed May 11, 2021**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

**No. 05-20-00299-CR**

**JOSE MONTADELGADO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-1953575-L**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Garcia
Opinion by Justice Garcia

A jury convicted appellant of indecency with a child and the court assessed punishment at nine years in prison.

On appeal, appellant's counsel has filed a brief in which he concludes the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (determining whether brief meets requirements of *Anders*). Counsel delivered a copy of the brief to appellant. We advised appellant of his right to file a pro se response, but he did

not file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (noting appellant has right to file pro se response to *Anders* brief filed by counsel).

Although not an arguable issue, counsel's *Anders* brief notes a clerical error in the trial court's judgment and asks us to modify the judgment to correct the error. Specifically, the judgment erroneously describes the case as a trial before the court, but the case was tried to a jury and the court assessed punishment. We may correct and modify the judgment of a trial court to make the record speak the truth when we have the necessary data and information to do so. *See Ray v. State*, No. 05-17-00820, 2018 WL 1149421, at *2 (Tex. App.—Dallas Mar. 5, 2018, no pet.) (mem. op., not designated for publication) (modifying judgment in *Anders* appeal); *Davis v. State*, No. 01-02-00404-CR, 2003 WL 139655, at *1 (Tex. App.—Houston [1st Dist.] Jan. 9, 2003, no pet.) (mem. op., not designated for publication) (same). The record supports the requested modification. Accordingly, we modify the judgment to reflect that the case was tried to a jury and the court assessed punishment. TEX. R. APP. P. 43.2(b).

As required, appellant's counsel has moved for leave to withdraw and has provided appellant with a copy of the motion. *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits.

Having modified the judgment to correct the clerical error counsel identified, and having reviewed the record, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record before us that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, and affirm the trial court's judgment as modified. *Se*e Tex. R. App. P. 43.2(a), (b)

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200299F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

JOSE MONTADELGADO,
Appellant

No. 05-20-00299-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F19-53575-L.
Opinion delivered by Justice Garcia. Justices Myers and Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that the case was tried to a jury and the court assessed punishment.
As **REFORMED**, the judgment is **AFFIRMED**. Counsel's motion to withdraw is **GRANTED.**

Judgment entered May 11, 2021

4